IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| STEVE RIDDICK, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:23cv00213 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| HAROLD CLARK, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Steve Riddick, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. In it, he explains that the claims he brings here were initially filed in Case No. 7:21-cv-178, which the court dismissed for failure to exhaust his administrative remedies prior to filing suit. *Riddick v. Clark*, 7:21-cv-00178, Mem. Op. and Final Order, ECF Nos. 53, 54 (W.D. Va. Mar. 21, 2023). In this case, Riddick has not paid the filing fee, nor has he applied to proceed *in forma pauperis*.

Based on court records, it is clear that at least three of Riddick's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Riddick may not proceed with this case unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). His complaint, however,

---

[1] The following six cases all were dismissed, pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim: *Riddick v. McCowan*, No. 7:21cv00138 (W.D. Va. Aug. 6, 2021); *Riddick v. Stanley*, No. 7:21cv00177 (W.D. Va. Aug. 6, 2021); *Riddick v. Gilbert*, No. 7:20cv00598 (W.D. Va. Aug. 2, 2021); *Riddick v. Kiser*, No. 7:20cv00580 (W.D. Va. July 30, 2021); *Riddick v. Kiser*, No. 7:20cv00561 (W.D Va. Jan. 29, 2021); *Riddick v. Bunch*, No. 7:20cv00597 (W.D. Va. Jan. 29, 2021).

fails to allege any imminent danger of serious physical injury. For this reason, discussed in more detail herein, the court dismiss the complaint in its entirety.[2]

Riddick's complaint alleges claims arising from the denial of his ability to watch religious services on television from 2018 through October 2020, and again from April 2021 through June 2021, after his "loaner" television was taken from him because of a "fabricated charge that was dismissed without a hearing." (Compl. 2–3, Dkt. No. 1.) He also alleges that he was not allowed to attend religious services for the entire time that he was housed in a segregation pod, from September 2014 through August 2022. (*Id.* at 3.) He claims that these restrictions prevent him from satisfying the requirements of his religious faith.

Notably, Riddick's complaint does not contain any allegations to support a conclusion that he is in imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). "[T]he imminent danger 'must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred.'" *Meyers v. Clarke*, 767 F. App'x 437, 439 (4th Cir. 2019) (quoting *Martin*, 319 F.3d at 1050). "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct").

---

[2] Riddick's nearly identical claims, filed in his earlier suit, were filed in March 2021, before he received his third strike. But the court properly dismissed those claims based on his failure to exhaust. And notably, there is no exception in § 1915(g) for a new case filed after three prior dismissals but containing the same claims as an earlier case filed before the three dismissals. Thus, this action is subject to § 1915(g)'s requirements, despite the fact that the claims are the same as ones he brought before he had three strikes.

Here, Riddick's claims do not involve any physical injury at all, and he does not allege that he is currently in any danger of serious physical injury.  As Riddick has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(g).  An appropriate order will be entered.

Entered: April 26, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge